IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GEORGE J. PISARZ, JR.,** : | Civil Action No. 4:10-CV-01432 |
| **Plaintiff** : | (Chief Judge Kane) |
| v. : | |
| **PPL CORPORATION,** : | |
| **Defendant** : | |

**MEMORANDUM**

Pending before the Court is Defendant PPL Corporation's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and to strike the complaint pursuant to Federal Rule of Civil Procedure 12(f). The motion is ripe for disposition. For the reasons that follow, the Court will grant Defendant's motion in part.

**I.     BACKGROUND**

Plaintiff filed a complaint in this action on July 9, 2010, asserting violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq.; and the Pennsylvania Human Relations Act ("PHRA"), 42 U.S.C. § 951 et seq. (Doc. No. 1.) Plaintiff is a sixty-two year old male who has been employed by Defendant for over twenty-seven years. (Id. ¶¶ 17, 18.) In 2004, Plaintiff underwent a spinal infusion. (Id. ¶ 20.) Plaintiff suffered a back injury while employed by Defendant on July 13, 2007. (Id. ¶ 21.) In 2007, Plaintiff requested an accommodation for his back injury, which Defendant denied. (Id. ¶ 22.) When Plaintiff returned to work after his July 2007 back injury, Defendant discriminated against him by denying him overtime. (Id. ¶ 23.) On

1

November 21, 2008, Plaintiff underwent further back surgery. (Id. ¶ 26.) Following this surgery, Defendant regarded Plaintiff as disabled and discriminated against him in a number of ways, including denying Plaintiff overtime and failing to reimburse him for mileage to and from the doctor. (Id. ¶¶ 27-36.) In April 2008, Plaintiff requested that he be appointed as a trainer as an accommodation. (Id. ¶¶ 37, 39.) Defendant denied Plaintiff's request and did not appoint him as a trainer. (Id. ¶¶ 40-43.) Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") which was date-stamped by the EEOC on March 20, 2010. (Doc. No. 12 ¶ 12.) Plaintiff cross-filed his EEOC charge with the Pennsylvania Human Relations Commission. (Doc. No. 1 ¶ 14.) On or about April 11, 2010, the EEOC issued a right to sue letter to Plaintiff. (Id. ¶ 14c.) On September 2, 2010, Defendant filed the present motion. (Doc. No. 8.) Defendant filed a brief in support on September 16, 2010. (Doc. No. 9.) Plaintiff filed a response to Defendant's motion on October 14, 2010. (Doc. Nos. 12, 13.) Defendant filed a reply brief on October 25, 2010. (Doc. No. 14.)

## II.     MOTION TO DISMISS

### A.     STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint, Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993), and is properly granted when, taking all factual allegations and inferences as true, the moving party is entitled to judgment as a matter of law. Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990). The burden is on the moving party to show that no claim has been stated. Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir. 1980). Thus, the moving party must show that Plaintiff has failed to "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that those

elements exist." Kost, 1 F.3d at 183 (citations omitted). A court, however, "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906, 908 (3d Cir. 1997). Indeed, the Supreme Court has recently held that while the 12(b)(6) standard does not require "detailed factual allegations," there must be a "'showing,' rather than a blanket assertion of entitlement to relief. . . . '[F]actual allegations must be enough to raise a right to relief above the speculative level.'" Phillips v. County of Allegheny, 515 F.3d 224, 231-32 (3d Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Put otherwise, a civil complaint must "set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1955 (2009)).

**B. DISCUSSION**

Defendant moves to dismiss Plaintiff's retaliation claim under the ADA, ADEA, and PHRA for failure to exhaust administrative remedies. (Doc. No. 8 ¶¶ 13-17.) Defendant also moves to dismiss Plaintiff's claims under the ADA and the ADEA to the extent that those claims are based on alleged discriminatory conduct that occurred before May 24, 2008, as the 300-day statute of limitations bars the Court from considering such conduct. (Id. ¶ 13.) Finally, Defendant moves to dismiss Plaintiff's claims under the PHRA to the extent that those claims are based on alleged discriminatory conduct that occurred before September 21, 2008, as the 180-day statute of limitations bars the Court from considering such conduct. (Id. ¶ 14.)

**1. Exhaustion of Remedies**

Paragraph 1 of Plaintiff's complaint states that he is seeking redress against Defendant for, inter alia, retaliation in violation of the ADEA. (Doc. No. 1 ¶ 1.) Further, in Count I of

3

Plaintiff's complaint, he pleads that Defendant's conduct constituted unlawful retaliation in violation of the ADA. (Id. ¶ 51.) Defendant seeks to dismiss these retaliation claims for failure to exhaust administrative remedies. (Doc. No. 8 ¶¶ 13-17.) Plaintiff does not oppose Defendant's motion to dismiss any retaliation claims raised pursuant to the ADEA, ADA, and PHRA. (Doc. No. 12 ¶¶ 15-19.) Accordingly, Defendant's motion to dismiss any retaliation claims will be granted.

### 2. Statute of Limitations

Defendant next argues that Plaintiff's ADEA and ADA claims should be dismissed to the extent that they arise out of alleged discriminatory conduct that occurred before May 24, 2008. (Doc. No. 8 ¶ 13.) Similarly, Defendant argues that Plaintiff's PHRA claims should be dismissed to the extent that they rely on alleged discriminatory conduct that occurred before September 21, 2008. Specifically, Defendant argues that its alleged failure to accommodate Plaintiff in 2007, its alleged denial of overtime after Plaintiff returned to work after his July 2007 back injury, and its alleged refusal to appoint Plaintiff as a trainer in 2008 are time barred by the ADA and ADEA's 300-day statute of limitations and the PHRA's 180-day statute of limitations.[1] (Doc. No. 9 at 7.) Rule 12(b) does not explicitly permit the assertion of a statute of limitations defense by a motion to dismiss. However, the so-called "Third Circuit Rule" "permits a limitations defense to be raised by a motion under Rule 12(b)(6), but only if 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of

---

[1] A complaint filed with the EEOC alleging violations of the ADA or ADEA must be filed within 300 days after the alleged act of discrimination. See 29 U.S.C. § 626(d)(1)(B); 42 U.S.C. § 12101 et seq. A complaint filed with the Pennsylvania Human Rights Commission must be filed within 180 days after the alleged act of discrimination. 43 Pa. Const. Stat. Ann. § 959(h).

limitations.'" Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002) (quoting Hanna v. U.S. Veterans' Admin. Hosp., 514 F.2d 1092, 1094 (3d Cir. 1974)).

Plaintiff argues that any alleged violations that occurred prior to May 24, 2008, and September 21, 2008, can be pursued according to the continuing violations theory. (Doc. No. 13 at 7.) The continuing violations theory allows a plaintiff to recover for discriminatory actions occurring outside the limitations period when the actions are part of a pattern or practice of ongoing discriminatory conduct that, collectively, constitutes one act of discrimination. Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 116 (2002) ("A hostile work environment claim is composed of a series of separate acts that collectively constitute one 'unlawful employment practice' . . . . It does not matter, for purposes of the statute, that some of the component acts of the hostile work environment fall outside the statutory time period."). The continuing violations theory does not apply, however, to discrete discriminatory acts that are individually actionable. Id. at 113 ("[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discriminatory act starts a new clock for filing charges alleging that act."). The Third Circuit Court of Appeals has explained that "Morgan established a bright-line distinction between discrete acts, which are individually actionable, and acts which are not individually actionable but may be aggregated to make out a hostile work environment claim. The former must be raised within the applicable limitations period or they will not support a lawsuit." O'Connor v. City of Newark, 440 F.3d 125, 127 (3d Cir. 2006).

Defendant's alleged failure to accommodate Plaintiff in 2007 by denying his request for a special chair is a discrete act of discrimination. See Tobin v. Liberty Mutual Ins. Co., 553 F.3d

5

121, 129 (1st Cir. 2009) (holding that when an employee's request for accommodation is refused, "the refusal is a discrete discriminatory act triggering the statutory limitations period"); Zankel v. Temple Univ., 245 F. App'x 196, 197 (3d Cir. 2007) (affirming the district court's dismissal of the plaintiff's complaint where plaintiff filed her EEOC complaint more than three hundred days after she made her final request for accommodation). Accordingly, to the extent Plaintiff alleges claims under the ADA, ADEA, and PHRA based on Defendant's alleged failure to accommodate in 2007, they are time-barred.

Defendant also argues that Plaintiff's claims based on its alleged denial of overtime after Plaintiff returned to work after his July 2007 back injury and its alleged refusal to appoint Plaintiff as a trainer in 2008 are untimely. However, it is not sufficiently clear from the face of the complaint exactly when these alleged discriminatory actions took place. See Robinson, 313 F.3d at 135 (3d Cir. 2002). As for the alleged denial of overtime, Plaintiff merely states that he was denied overtime after he returned from his July 2007 back injury. (Doc. No. 1 ¶ 23.) Further, while Plaintiff alleges that his April 2008 request to be appointed as a trainer was denied, he does not state when Defendant denied his request. (Id. ¶¶ 37-43.) Accordingly, the Court will order that Plaintiff submit a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). Plaintiff's more definite statement shall include (1) more definite allegations concerning the date that Defendant allegedly denied Plaintiff overtime after he returned to work after his July 2007 back injury, and (2) more definite allegations concerning the date that Defendant allegedly refused to appoint Plaintiff as a trainer.

### III. MOTION TO STRIKE

Defendant also moves to strike "inappropriate damages and jury trial demands." (Doc.

6

No. 8 ¶¶ 18-22.) Specifically, Defendant argues that Plaintiff may not recover compensatory and punitive damages under the ADEA, compensatory and punitive damages pursuant to a retaliation claim under the ADA, or punitive damages under the PHRA. (Doc. No. 8 ¶¶ 19-21.) In addition, Defendant argues that Plaintiff is not entitled to a jury trial on a retaliation claim under the ADA.[2] Plaintiff does not oppose the motion. (Doc. No. 12 at 3.) The Court notes that Plaintiff's complaint only requests punitive damages "as permitted by applicable law" and demands a jury trial "to the extent allowed by applicable law." (Doc. No. 1 ¶¶ f, l.) Nonetheless, to the extent that the complaint could be construed to request compensatory and punitive damages under the ADEA and punitive damages under the PHRA, the Court will grant Defendant's motion.[3]

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion (Doc. No. 8) will be granted in part and denied in part. An order consistent with this memorandum will follow.

---

[2] Defendant's motion also asks the Court to strike Plaintiff's jury trial demand for claims under the PHRA (Doc. No. 8 ¶ 22), but Defendant has since withdrawn that argument (Doc. No. 9 at 16 n.2).

[3] In light of the Court's dismissal of Plaintiff's retaliation claims under the ADA, ADEA, and PHRA, Defendant's motion to strike Plaintiff's request for compensatory and punitive damages pursuant to a retaliation claim under the ADA is denied as moot. Similarly, Defendant's motion to strike Plaintiff's demand for a jury trial for his retaliation claims is denied as moot.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GEORGE J. PISARZ, JR.,** | : | Civil Action No. 4:10-CV-01432 |
| **Plaintiff** | : | (Chief Judge Kane) |
| v. | : | |
| **PPL CORPORATION,** | : | |
| **Defendant** | : | |

# ORDER

**NOW**, on this 30th day of November 2010, upon consideration of Defendant's motion to dismiss pursuant to Rule 12(b)(6) and to strike pursuant to Rule 12(f) (Doc. No. 8)**, IT IS HEREBY ORDERED THAT** Defendant's motion will be **GRANTED** in part and **DENIED** in part as follows:

1. Plaintiff's retaliation claims under the ADA, ADEA, and PHRA are **DISMISSED**.

2. Plaintiff's ADA, ADEA, and PHRA claims arising out of Defendant's failure to accommodate in 2007 are **DISMISSED WITH PREJUDICE** as untimely.

3. Plaintiff shall submit an amended complaint that contains a more definite statement, including: (1) more definite allegations concerning the date that Defendant denied Plaintiff overtime after he returned to work after his July 2007 back injury, and (2) more definite allegations concerning the date that Defendant refused to appoint Plaintiff as a trainer.

4. Plaintiff's requests for compensatory and punitive damages under the ADEA and punitive damages under the PHRA are **STRICKEN**.

5. Defendant's motion to strike Plaintiff's request for compensatory and punitive damages pursuant to a retaliation claim under the ADA is **DENIED AS MOOT**.

6. Defendant's motion to strike Plaintiff's demand for a jury trial on his retaliation claims is **DENIED AS MOOT**.

7. The motion is otherwise **DENIED**.

.

    s/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania