IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE J. PISARZ, JR., | : | Civil Action No. 4:10-CV-01432 |
| Plaintiff | : | (Chief Judge Kane) |
| | : | |
| v. | : | |
| | : | |
| PPL CORPORATION, | : | |
| Defendant | : | |

## MEMORANDUM

Pending before the Court is Defendant PPL Corporation's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and to strike pursuant to Federal Rule of Civil Procedure 12(f). (Doc. No. 22.) The motion is ripe for disposition. For the reasons that follow, the Court will grant Defendant's motion.

**I.     BACKGROUND**

Plaintiff filed a complaint in this action on July 9, 2010, asserting violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq.; and the Pennsylvania Human Relations Act ("PHRA"), 42 U.S.C. § 951 et seq. (Doc. No. 1.) On September 2, 2010, Defendant filed a motion to dismiss the complaint and to strike the complaint. (Doc. No. 8.) Defendant moved to dismiss Plaintiff's claims under the ADA and the ADEA to the extent that those claims were based on alleged discriminatory conduct that occurred before May 24, 2008, as the 300-day statute of limitations bars the Court from considering such conduct. (Id. ¶ 13.) Defendant also moved to dismiss Plaintiff's claims under the PHRA to the extent that those claims were based on alleged discriminatory conduct that occurred before September 21, 2008, as the 180-day

1

statute of limitations bars the Court from considering such conduct. (Id. ¶ 14.) On November 30, 2010, the Court granted Defendant's motion in part. (Doc. No. 16.) Because Plaintiff's complaint was unclear as to when certain alleged discriminatory actions took place, the Court ordered Plaintiff to file an amended complaint containing, inter alia, more definite allegations concerning the date that Defendant allegedly refused to appoint Plaintiff as a trainer. (Id. at 6.) Plaintiff filed an amended complaint on December 7, 2010. (Doc. No. 20.) Plaintiff's amended complaint alleges that on December 4, 2007, and January 14, 2008, Plaintiff requested that he be appointed as a trainer. (Id. ¶ 39.) Plaintiff claims that, on January 14, 2008, Defendant's plant manager informed him that "not everyone was qualified to be a trainer." (Id. ¶ 42.) Defendant filed the present motion on December 21, 2010, and a brief in support on January 3, 2011. (Doc. Nos. 22, 23.) Plaintiff filed a "Response to the Defendant's Motion to Dismiss" and a brief in opposition on January 20, 2011. (Doc. Nos. 24, 25.)

## II.  MOTION TO DISMISS

### A.  Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint, Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993), and is properly granted when, taking all factual allegations and inferences as true, the moving party is entitled to judgment as a matter of law. Markowitz v. Ne. Land Co., 906 F.2d 100, 103 (3d Cir. 1990). The burden is on the moving party to show that no claim has been stated. Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir. 1980). Thus, the moving party must show that Plaintiff has failed to "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that those elements exist." Kost, 1 F.3d at 183 (citations omitted). A court, however, "need not credit a

complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906, 908 (3d Cir. 1997). Indeed, the Supreme Court has recently held that while the 12(b)(6) standard does not require "detailed factual allegations," there must be a "'showing,' rather than a blanket assertion of entitlement to relief. . . . '[F]actual allegations must be enough to raise a right to relief above the speculative level.'" Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231-32 (3d Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Put otherwise, a civil complaint must "set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1955 (2009)).

**B.     Discussion**

Defendant moves to dismiss Plaintiff's claims under the ADA and the ADEA to the extent that those claims are based on alleged discriminatory conduct that occurred before May 24, 2008, as the 300-day statute of limitations bars the Court from considering such conduct. (Doc. No. 22 ¶¶ 9-14.) Defendant also moves to dismiss Plaintiff's claims under the PHRA to the extent that those claims are based on alleged discriminatory conduct that occurred before September 21, 2008, as the 180-day statute of limitations bars the Court from considering such conduct. (Id. ¶ 10; Doc. No. 23 at 2 n.1) Specifically, Defendant contends that Plaintiff's ADEA, ADA, and PHRA claims should be dismissed as time-barred to the extent that they arise out of Defendant's alleged failure to appoint Plaintiff as a trainer on January 14, 2008. (Doc. No. 22 ¶ 14.) According to Plaintiff, he "has no intention of seeking to recover for claims which this Court has already held were time-barred." (Doc. No. 24 ¶ 9.) Instead, Plaintiff asserts that he included facts related to time-barred incidents in the "factual background" section of his

3

amended complaint because such facts "may assist the trier of fact in its determination of [] timely claims." (Doc. No. 25 at 7-8.) The Supreme Court has held that "discrete discriminatory acts are not actionable if time-barred, even when they are related to acts alleged in timely filed charges"; however, "an employee may use the prior acts as background evidence in support of a timely claim." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002). Accordingly, the Court will grant Defendant's motion to dismiss to the extent that Plaintiff may not recover under the ADEA and ADA for events that occurred before May 24, 2008, and may not recover under the PHRA for events that occurred before September 21, 2008. Whether such prior events may be used as background evidence in support of Plaintiff's actionable claims is an issue properly left for determination at trial. See Fowler v. Borough of Dallas, Doc. No. 3:07-cv-0276, 2009 WL 3199806, at *6 (M.D. Pa. Sept. 30, 2009).

### III.    MOTION TO STRIKE

Defendant also moves to strike "inappropriate damages and jury trial demands." (Doc. No. 22 ¶¶ 15-20.) Specifically, Defendant argues that Plaintiff may not recover compensatory and punitive damages under the ADEA or punitive damages under the PHRA. (Id.) Plaintiff does not oppose the motion. (Doc. No. 24 at 3.) The Court notes that Plaintiff's amended complaint only requests punitive damages "as permitted by applicable law." (Doc. No. 20 ¶ f.) Nonetheless, to the extent that the complaint could be construed to request compensatory and punitive damages under the ADEA and punitive damages under the PHRA, the Court will grant Defendant's motion.

### IV.    CONCLUSION

For the foregoing reasons, Defendant's motion (Doc. No. 22) is granted. An order

consistent with this memorandum will follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GEORGE J. PISARZ, JR.,** | : | Civil Action No. 4:10-CV-01432 |
| Plaintiff | : | |
| | : | **(Chief Judge Kane)** |
| | : | |
| v. | : | |
| | : | |
| **PPL CORPORATION,** | : | |
| Defendant | : | |

## ORDER

**NOW**, on this 16th day of February 2011, upon consideration of Defendant's motion to dismiss pursuant to Rule 12(b)(6) and to strike pursuant to Rule 12(f) (Doc. No. 22), and for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1. Defendant's motion is **GRANTED**.

2. Plaintiff's ADA and ADEA claims arising out of events that occurred before May 24, 2008, are **DISMISSED WITH PREJUDICE** as untimely.

3. Plaintiff's PHRA claims arising out of events that occurred before September 21, 2008, are **DISMISSED WITH PREJUDICE** as untimely.

4. Plaintiff's requests for compensatory and punitive damages under the ADEA and punitive damages under the PHRA are **STRICKEN**.

    s/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania