IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE J. PISARZ, JR., | : | Case No. 4:10-cv-01432 |
| | : | |
| Plaintiff, | : | (Judge Brann) |
| | : | |
| v. | : | |
| | : | |
| PPL CORP., | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM**

**April 19, 2013**

**I.      Background**

The Court will recite only the history relevant to defendant PPL Corp.'s "Motion to Enforce the Parties' Agreement to Settle and Discontinue Plaintiff's Civil Action," filed on December 28, 2012 (the "Motion to Enforce"). (Rec. Doc. No. 85). On October 16, 2012, counsel for PPL Corp. notified the Court (in a letter to Chief Judge Kane, who was then presiding over this case) that this matter had been "resolved by agreement of the parties, subject to the execution of a Settlement Agreement." (Rec. Doc. No. 81). The same day, the Court issued a standard Order dismissing the action without costs and without prejudice, but providing for reinstatement of the action – upon good cause shown and within sixty days – if

settlement was not consummated. (Rec. Doc. No. 82). On December 11, 2012, plaintiff Pisarz's counsel filed a "Motion to Reopen/Reinstate Case" (the "Motion to Reinstate"), which explained that "settlement ha[d] not been consummated"; that Pisarz had "not returned the release"; and that he had "indicate[d] that he w[ould] not agree to the terms set forth therein." (Rec. Doc. No. 83 at 1-2). The motion was granted on December 21, 2012. (Rec. Doc. No. 84).

On December 28, 2012, PPL Corp. filed the Motion to Enforce and papers in support. (Rec. Doc. Nos. 85 & 86).The papers set forth the following timeline of events. On October 11, 2012, counsel for Pisarz and PPL Corp. reached a settlement agreement that was, to PPL Corp.'s knowledge, duly authorized by the parties's respective clients. (Rec. Doc. No. 86 at 2). At its core, the agreement involved a lump sum payment to Mr. Pisarz in exchange for a general release of claims against PPL Corp. (Id.). A day later on October 12, 2012, "[i]n furtherance of the agreement," Pisarz's counsel prepared "an executed IRS Form W-9 as well as a breakdown for disbursement of the lump sum payment." (Id. at 3). On October 16, 2012, PPL Corp. notified the Court of the settlement agreement and the Court entered the dismissal Order. Thereafter, on November 7, 2012, PPL Corp. sent to Pisarz's counsel a "Confidential Separation Agreement and General Release" for Pisarz's signature. (Id.).

In early December 2012, however, PPL Corp.'s counsel learned from

Pisarz's counsel that Pisarz had not signed the agreement. Pisarz's counsel then filed the Motion to Reinstate on December 11, 2012, which the Court granted on December 21, 2012. (Id.).

PPL Corp.'s Motion to Enforce argued that, applying the governing caselaw to the facts set forth above, PPL Corp. and Pisarz reached a binding settlement agreement in spite of Pisarz's ultimate refusal to reduce the agreement to writing. (Rec. Doc. No. 86 at 7). Accordingly, PPL Corp. asserted that it was entitled to Pisarz's specific performance under the agreement. (Id. at 7-8)

Pisarz's counsel did not file an opposing brief because, he later explained to the Court, he felt he could not do so without violating, on the one hand, his duty of candor to the Court or, on the other hand, his duty of loyalty to his client. But Pisarz himself sent short letters to the Court and called chambers repeatedly to express his opposition to the settlement.

Without an opposing brief from Pisarz's counsel, and lacking an understanding of the relevant circumstances adequate to decide the pending motion, the Court ordered Pisarz, Pisarz's counsel, and counsel for PPL Corp. to attend an in-person status conference. (Rec. Doc. No. 92). That conference took place on April 4, 2013. The Court heard from counsel of both parties publicly and in chambers, and, with the consent of counsel for both parties, met in chambers with Pisarz himself. See generally Code of Conduct for United States Judges

Canon 3(A)(4)(d); Committee on Codes of Conduct, Advisory Op. 95 (2009).

The following Order is based on a number of conclusions reached by the Court as a result of the April 4, 2013 conference: (1) the attorney-client relationship between Pisarz and his counsel is, in the words of his counsel, "irreconcilably broken"; (2) there is no dispute that Pisarz's counsel and PPL Corp. reached agreement on the terms of settlement; (3) there is a factual dispute between Pisarz and PPL Corp. as to whether Pisarz's counsel was authorized to settle the case on the terms reached with PPL Corp.; (4) Pisarz's counsel is ethically constrained – at the hearing he cited the attorney-client privilege and continued loyalty to his client – in terms of his ability to reveal, by his own telling or that of his client, the circumstances surrounding the settlement.

## II. Discussion

When a party, here PPL Corp., seeks enforcement of a settlement agreement, the Court treats the motion like one for summary judgment. See Tiernan v. Devoe, 923 F.2d 1024, 1031-32 (3d Cir. 1991). Assuming for the sake of analysis that the assertions of the nonmovant, here Pisarz, are true, the Court must determine whether PPL Corp. is entitled to enforcement as a matter of law. Id. Where material facts are in dispute, the Court must order further proceedings to resolve the factual controversy and, ultimately, determine whether enforcement is warranted. See Henry v. Merrill Lynch, 169 F. App'x 102, 105 (3d Cir. 2006) ("On the record

4

before us, without transcripts of testimony or other documents containing relevant facts, it is impossible to determine the existence and extent of [attorney's] authority in [client's] settlement negotiations. Considered in a light most favorable to [client], we hold that the record evidence is not so one-sided as to support judgment in favor of [movant] and that an evidentiary hearing is necessary in order to establish the relevant facts.").

Although the Court's federal question jurisdiction allows it to hear this case, and although Mr. Pisarz's only surviving claim arises under federal law, the Court will apply Pennsylvania's law to resolve PPL Corp.'s Motion to Enforce. The alternative would be to apply federal common law, but the Court determines that doing so would be inappropriate "[b]ecause our focus [will be] on an attorney's relationship with his client[], [and] no substantial federal interest is affected here."[1] Tiernan, 923 F.2d at 1033. See also id. at 1032 (quoting Gen. Eng'g v. Martin

---

[1] The Court recognizes that the statute under which Pisarz's remaining claim arises, the Americans with Disabilities Act of 1990 (the "ADA"), provides at 42 U.S.C. § 12212 that, "[w]here appropriate and to the extent authorized by law, the use of alternative means of dispute resolution, including settlement negotiations, conciliation, facilitation, mediation, factfinding, minitrials, and arbitration, is encouraged to resolve disputes arising under this chapter." This provision does not suggest a strong federal interest in the attorney-client relationship or the requisite procedures for reaching a bona fide settlement agreement. In any case, under Pennsylvania law as well, settlement agreements are highly favored. See Mowrer v. Warner-Lambert Co., 98-cv-2908, 2000 WL 974394, at *5 n.8 (E.D. Pa. July 13, 2000) (citing authority).

Marietta Alumina, 783 F.2d 352, 356 (3d Cir. 1986)) ("'Federal courts are able to create federal common law only in those areas where Congress or the Constitution has given the courts authority to develop substantive law, as in labor and admiralty, or where strong federal interests are involved, as in cases concerning the rights and obligations of the United States.'"). This is consistent with the approach of other courts in the Third Circuit. See Mowrer v. Warner-Lambert Co., 98-cv-2908, 2000 WL 974394, at *5 (E.D. Pa. July 13, 2000).

The Supreme Court of Pennsylvania "has clearly stated that an attorney may only bind his client to the terms of a settlement based on express authority." Reutzel v. Douglas, 582 Pa. 149, 159, 870 A.2d 787, 793 (2005). Based on the representations of Pisarz and his counsel, the Court has determined that there is a genuine dispute as to whether Pisarz's counsel possessed such authority when the terms of the settlement were agreed upon. Accordingly, PPL Corp.'s Motion to Enforce must be denied at this time.[2] In light of the inconvenient location of counsel for both litigants relative to this Court, it is with regret that the Court must order an evidentiary hearing in this matter.[3]

---

[2] While the Court has been made aware of the respective positions of Pisarz, his counsel, and PPL Corp., there is no competent evidence in the record that would allow it to make findings of fact.

[3] As further guidance, the Court notes that because Pennsylvania law will govern the Court's determination of whether Pisarz has a valid defense to PPL Corp.'s claim to an enforceable settlement, Pennsylvania's privilege law will also

An Order follows.

                                             s/ Matthew W. Brann  
                                             Matthew W. Brann  
                                             United States District Judge

---

govern. See Fed. R. Evid. 502 ("[I]n a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision."). Recent application of Pennsylvania's privilege rule in a similar context appears in Salsman v. Brown, 51 A.3d 892, 894-95 (Pa. Super. 2012).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE J. PISARZ, JR., | : | Case No. 4:10-cv-01432 |
| | : | |
| Plaintiff, | : | (Judge Brann) |
| | : | |
| v. | : | |
| | : | |
| PPL CORP., | : | |
| | : | |
| Defendant. | : | |

**ORDER**

AND NOW, this 19th day of April, 2013, it is hereby ORDERED in accordance with the accompanying memorandum:

1. PPL Corp.'s Motion to Enforce is DENIED at this time.

2. An evidentiary hearing is scheduled for October 15, 2013, at 10:00 a.m. The hearing will take place in Courtroom #3, Third Floor, United States Courthouse and Federal Building, Williamsport, Pennsylvania. The Court will take testimony and receive other admissible evidence bearing on the authority of Pisarz's counsel to settle Pisarz's claims against PPL Corp. PPL Corp. will bear the burden of proving that Pisarz's counsel possessed settlement authority. See Mowrer v. Warner-Lambert Co., 98-cv-2908, 2000 WL 974394, at *5 (E.D. Pa. July 13, 2000)

3. Pisarz's counsel shall withdraw. Pisarz shall be afforded 90 days from

the date of this Order to secure new counsel and have such counsel enter an appearance in this case.

4. No more than 14 days after Pisarz's new counsel has entered an appearance, the parties shall confer with the goal of reaching agreement on whether discovery relevant to the issue of settlement authorization is necessary and, if so, the limits on such discovery.

5. The parties shall inform the Court of their agreement no more than seven days after their initial conference.

6. If the parties agree that discovery is necessary, the discovery period shall last no more than 30 days after the parties notify the Court.

7. The Clerk of Court is directed to forward a copy of this Order to the Plaintiff, George J. Pisarz, Jr., by first class mail.

s/ Matthew W. Brann  
Matthew W. Brann  
United States District Judge